IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LEE SUNDAY, # 213453, ) | |
| ) | |
|    Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 3:20cv491-WKW |
| ) | (WO) |
| JACOB A. WALKER, III, *et al.*, ) | |
| ) | |
|    Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the court on a *pro se* document filed by Alabama inmate Timothy Lee Sunday ("Sunday"). Doc. # 1. Sunday seeks relief for alleged errors arising from his 1999 conviction and life sentence imposed by the Lee County Circuit Court for the offense of first-degree sexual abuse. *See id.* at 2. As explained below, this court finds Sunday's filing is a successive petition for writ of habeas corpus under 28 U.S.C. § 2254 submitted without the required appellate court permission.

### II. DISCUSSION

Sunday attacks his state conviction and sentence.[1] Because he is in custody under the state court judgment he attacks, his filing is, in substance, a petition for writ of habeas corpus under 28 U.S.C. § 2254 and should be treated as such. *See, e.g., Johnson v. Maclaren*, 2015 WL 1637675, at *1–2 (E.D. Mich. 2015). A state prisoner cannot evade

---

[1] Sunday's arguments are set out in a rambling fashion. The court is convinced, however, that these arguments present Sunday's challenge to his Lee County conviction and sentence.

the procedural requirements of 28 U.S.C. § 2254 simply by calling his pleadings something else. *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004); *see Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011) ("[A]n improper attempt to avoid [the statutory ban on] second-or-successive restrictions . . . is not permitted.").

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is filed in the district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

A review of this court's records establishes that Sunday has filed six previous habeas petitions challenging his sexual-abuse conviction and resulting life sentence imposed by the Lee County Circuit Court. *See Sunday v. Ferrell*, Civil Action No. 3:03cv502-MHT; *Sunday v. Lee County Circuit Court*, Civil Action No. 3:07cv723-MEF; *Sunday v. Lee County Circuit Court*, Civil Action No. 3:09cv202-MEF; *Sunday v. Mitchem*, Civil Action No. 3:11cv544-MEF; *Sunday v. Jones*, Civil Action No. 3:12cv999-TMH; and *Sunday v. Gordy*, Civil Action No. 3:15cv537-MHT.

In the first of these previous habeas actions, Civil Action No. 3:03cv502-MHT, this court denied Sunday relief. *See* Civil Action No. 3:03cv502-MHT, Docs. # 64, 69, and 70. Specifically, the court determined that the state courts properly adjudicated the merits of Sunday's claims of ineffective assistance of counsel, his challenge to the constitutionality of his sentence, his attack on the trial court's admission of the victim's in-court identification, and his allegation of error regarding denial of his motion for a judgment of acquittal; therefore, this court denied Sunday relief on these claims. *Id.*, Doc. # 64. This court further determined that Sunday had procedurally defaulted his substantive claim regarding prosecutorial misconduct in the presentation of alleged false evidence/perjured

---

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

testimony.  *Id*.  In February 2006, the Eleventh Circuit Court of Appeals affirmed this court's denial of Sunday's first habeas petition.  *Id*., Doc. # 76.  The appellate court then denied a motion for rehearing filed by Sunday.  *Id*., Doc. # 77.

This court dismissed Sunday's 2007 (Civil Action No. 3:07cv723-MEF), 2009 (Civil Action No. 3:09cv202-MEF), and 2011 (Civil Action No. 3:11cv544-MEF) petitions as successive § 2254 petitions filed without the required appellate court authorization, under the directives of 28 U.S.C. § 2244(b)(3).  This court also dismissed Sunday's 2012 petition in Civil Action No. 3:12cv999-TMH, which Sunday had styled as a "Mandamus, Appeal, Motion for Appropriate Relief," as a successive § 2254 petition filed, like his previous three habeas petitions, without the required appellate-court authorization.  Finally, this court dismissed Sunday's 2015 petition in Civil Action No. 3:15cv537-MHT, which Sunday had styled as an "Action to Enjoin Denial of Equal Protection of the Laws," as a successive § 2254 petition filed, like his previous four habeas petitions, without the required appellate court authorization.  Sunday's instant filing, because it amounts to a successive § 2254 petition, is subject to dismissal on the same basis.

Sunday has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  Because this undertaking is Sunday's <u>seventh</u> habeas petition and because he has no permission from the Eleventh Circuit to file a successive habeas petition, this court "lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and*

*Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus is due to dismissed for lack of jurisdiction.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Sunday's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction, as Sunday has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive petition.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 31, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of July, 2020.

   /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE